UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BARBARA REED | CIVIL ACTION NO. 6:24-CV-00483 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE DAVID J. AYO |

**MEMORANDUM RULING AND ORDER**

Before the Court is PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2412(D) filed by appellant Barbara Reed. (Rec. Doc. 18).  The Commissioner filed a response expressing no opposition to the motion. (Rec. Doc. 20).

Reed filed an application for disability insurance benefits on December 13, 2021, alleging disability beginning on July 28, 2021.  After the application was denied initially on March 31, 2022, and on reconsideration on April 3, 2023, she requested a hearing before an Administrative Law Judge, who issued an unfavorable ruling on October 25, 2023.  Reed's request for review was denied by the Appeals Council on February 1, 2024, and she subsequently filed a federal appeal of the ALJ's decision in this Court on April 10, 2024.  On August 14, 2024, the Court granted the Commissioner's Unopposed Motion to Remand this matter for further administrative action pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Motion, Rec. Doc. 14; Order, Rec. Doc. 15).

Reed now seeks a total of $8,040.00 in fees at the rate of $100.00 per hour for three hours of paralegal time and $200.00 per hour for 38.7 hours of attorney time.  In support of

1

this request, counsel submitted a schedule describing the services performed on Reed's behalf and the time billed in connection with each task in minimum increments of .10 hour.[1]

### *Guidelines for Attorney's Fees and Expenses Calculation*

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses… unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (citing *Herron v. Bowman*, 788 F.2d 1127, 1130 (5th Cir. 1986)). A party who wins a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Breaux v. United States Dep't of Health & Human Servs.*, 20 F.3d 1324 (5th Cir. 1994). Considering the Court's fourth sentence remand and the lack of opposition to the instant motion, this Court finds that Reed is entitled to an award of reasonable attorney fees.

### *Reasonable Hourly Rate*

The hourly rate at which an attorney fee award under the EAJA may be calculated is determined "according to prevailing market rates in the relevant legal market." *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000). Where the prevailing market rate exceeds the $125.00 statutory cap, the court must examine whether "an increase in the cost of living or a

---

[1] The original bill attached stated a total of $10,409.64 in fees at the rate of $120.00 per hour for four hours of paralegal time and $243.75 or $251.25 per hour for 38.7 hours of attorney time. After consultation between the parties, Reed's counsel agreed to reduce his hourly fee to $200.00 per hour for attorney time and $100.00 per hour for paralegal time and to reduce the paralegal time to three hours for a reduced fee request of $8,040.00. (Rec. Doc. 18-7, p. 2). "All expenses including the $225.00 *pro hac vice* filing fee have been waived." (Rec. Doc. 18-4, ¶ 6). One of the paralegal hours was spent preparing the *pro hac vice* filing fee and the Court assumes this is the hour that was reduced.

2

special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher rate." 28 U.S.C. § 2412(d)(2)(A)(ii).

In *Carr v. Kijakazi*, 2023 WL 3168676 (W.D. La. Apr. 13, 2023), *adopted by*, 2023 WL 3168343 (W.D. La. Apr. 28, 2023), this Court reconsidered the prevailing market rate for Social Security fee awards under the EAJA. The Court found an hourly rate of $200.00 was reasonable based on increases in cost of living since its last examination of the issue in 2016, wherein it set the prevailing rate at $175.00 per hour. 2023 WL 3168676, at *3 (citing *Montgomery v. Colvin*, 2016 WL 4705730 (W.D. La. Aug. 16, 2016), *adopted by*, 2016 WL 4705573 (W.D. La. Sept. 8, 2016)).

### *Reasonable Hours Expended*

The Commissioner does not oppose the number of hours claimed by Reed's counsel. Furthermore, the undersigned concludes that the claimed time expenditure of 41.7 hours is reasonable for this type of case.

### *Johnson Analysis*

Having determined the lodestar by establishing the prevailing market rate and the hours reasonably expended, the next step requires that the court analyze the twelve *Johnson* factors to determine if the lodestar requires adjustment. *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 392 (5th Cir. 2016) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)). In this case, the lodestar is $200.00 x 38.7 or $7,740.00 plus $100.00 x 3 or $300.00 for a total of $8,040.00.

Under *Johnson*, the court should consider the impact of the following factors on the lodestar: (1) the time and labor required; (2) the novelty and difficulty of the question; (3)

the skill required of the attorney; (4) the preclusion of other work; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, at 718-19. Factors 1, 3, 8, 9, and 12 are reflected in the lodestar. *Walker v. U.S. Dept. of Housing & Urban Dev.*, 99 F.3d 761 (5th Cir. 1996) (cautioning court against double-counting certain *Johnson* factors already fairly represented by the lodestar). No evidence before this Court indicates that an adjustment of the lodestar under factors 2, 4, 5, 6, 7, 10 or 11 is warranted in this case.

### *Payment of the EAJA Award*

Reed's counsel contends that because she assigned her right to attorney's fees to counsel, any payment of fees should be made directly to counsel, provided Reed does not owe a federal debt. However, this Court consistently has rejected this argument. *Carr, supra*, at *4 (citing *McLeland v. Astrue*, 2010 WL 3704915, at *2 (W.D. La.)). EAJA awards are payable directly to the prevailing party, not his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010); *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013). This Court therefore finds that the award should be made payable to Reed but sent in care of her attorney.

For the foregoing reasons, it is hereby

**ORDERED** that PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2412(D) (Rec. Doc. 18) is GRANTED based on this Court's finding that the lodestar established as $200.00 per hour for 38.7 hours of attorney time and $100.00 per hour for three hours of paralegal time should be applied under applicable law and jurisprudence. Accordingly, it is further

**ORDERED** that the sum of $8,040.00 in attorney fees and is awarded to Appellant

Barbara Reed as an EAJA attorney fee. The Commissioner of the Social Security Administration shall remit to Reed's counsel a check made payable to Barbara Reed in the amount of $8,040.00 pursuant to 28 U.S.C.§ 2412(d)(1)(A) within 45 days of the issuance of this Order.

SO ORDERED this 26th day of November, 2024 at Lafayette, Louisiana.

_____
David J. Ayo
United States Magistrate Judge